The first case up this morning is 411-0204, Peoples v. Community Unit School Dist 5 at all. For the appellant is Donald R. Jackson. Are you a he, sir? Yes, sir. And William P. Hardy for the respondent. Mr. Jackson, you may proceed, sir. Thank you, Your Honor. May it please the Court and the Counsel. Counsel. The issue, in my opinion, before the Court today is just the sole issue of whether or not a filing of a request for review before the Human Rights Commission on November 25, 2009 was timely and, of course, and, therefore, bestowed upon the Commission jurisdiction over this particular issue. There should be no dispute that the Commission had subject matter jurisdiction of this case since the plaintiff in the case or the complainant before the Commission did, in fact, file it within the 180 days. So that's not an issue before the Court. Basically, the argument is that because the Commission allowed a document, the request for review in this case, to be transferred from the Department of Human Rights where it inadvertently was filed to the Commission about six days after it was filed or after it was received is really the issue before the Court. Now, there's no question that the document was filed within the review period of time. It was actually filed November 23rd of 2009. The review was not due until November 25th, 2009. There also is no question that the document itself bore the name of the Human Rights Commission and not the Department. It might sound a little strange, but I just want to get down to more basics of what this case is about. You filed on behalf of your client a complaint in circuit court. That's correct, Your Honor. What relief were you seeking there? Well, we were seeking reinstatement to the position of chief janitor at the Chittick School at the $65 an hour rate. Okay. That was the relief. Now, your client originally made his complaint to the Human Rights Department for the Commission, and this is, I think, the statutory procedure that one is supposed to do before you file a lawsuit in circuit court? That's correct, Your Honor. We received from, once the Commission reversed the lack of substantial evidence finding by the Department, we are then allowed one of two paths to follow at that point in time. We can continue with the Commission, but we have to notify them within 14 days. Or else, the second path, of course, is that we can then file within 90 days after we receive notice of the reversal of the lack of substantial evidence, file it in the circuit court. Okay. Now, in the relief you were seeking is reinstatement? Are you seeking money damages from someone? Yes. You know, this is, money damages, this is a relatively, well, to me it's minor. It's not obviously to Mr. Peebles, but it's more the principle of the case than it is money that's involved in it. I mean, we're talking the difference between a 10 cent an hour for being a supervisor versus 65 cents an hour for being a supervisor. He was at the 65 cent level. But, so I understand. I just want to make sure I understand the various hoops, so to speak, ways to go through. I understand. Once the case, your complaint was before the Commission in the fashion it was, you were given an alternative of whether to stay at the Commission level or to go to circuit court. That's right. And you chose to go to circuit court. That's correct. And circuit court, you believe, can provide you the relief from your doing so if you prevail there of reinstatement for your claim? I hope they can. Yes, Your Honor. That's my belief. Had you stayed at the Commission and you prevailed at the Commission, they could have provided the same relief? Well, yeah. In retrospect, we probably should have stayed there. This case would have probably been decided on its merits by now. But in any event. They would be able to provide that kind of relief. They would be able to order him reinstated to the position. Now, here's another question about that. Let's assume you had stayed at the Commission and you weren't satisfied with the outcome. You thought they made mistakes. And you wanted to have administrative review of what the Commission had done. What is the procedure for that? That is, what court has administrative review of the Commission? Is it the trial court or this court? This court. So the trial court has no role? Pardon me? Trial court has no role in administrative review? No, not in this case. It would be, as I understand the rules of the Commission now, since 2008, I think it was, or 2009, that we would then be able to directly appeal to this court afterwards. That's by statute, isn't it? Yes, sir. So, what was the basis for the defendant's motion to dismiss your lawsuit? Well, they're basically claiming that the Commission lost jurisdiction of the case because they allowed the transfer of the request for review in November to be delivered to the Commission. So, in other words, the basis of the motion to dismiss, which the trial court granted, was nothing to do with the substance of the lawsuit you brought, but had everything to do with irregularities, for lack of a better word, at the administrative level. That's correct. And the irregularity that was never addressed at the Commission level. Well, then, I'm anxious to hear Mr. Hardy explain how it is that the trial court could entertain his motion, or how his motion could be viable, since it sounds like it's an administrative review action he brought in circuit court. Well, that's been my... You may continue, Counsel. Thank you, Your Honor. Well, I just wanted to say, in closing remarks, the two cases that they have cited in their primary brief, the Weatherby case as well as the Village of Maywood, a different issue. Those cases dealt with whether or not the charge was filed within the 180-day period, which, in fact, would rob the Commission of jurisdiction, subject matter jurisdiction. The cases that we've cited, especially the Moser case, is right on point. That was another case where the complaint in that case, the charge in that case, was, in fact, filed inadvertently with the Department of Human Rights and then transferred to the Commission. And in Moser, the Commission said, we've got jurisdiction of it because it was filed on time, even though it wasn't filed in the right slot. It did eventually get to them. So under the circumstances, I think the Moser case is controlling this case and certainly should be dispositive of this issue. And as I've argued in my brief, I don't think the second issue was properly before this Court. So as long as the Court knows that I basically oppose it, I think they've cited the wrong section of the statute. We really came in under 57A-102D4 instead of D3, and we were given proper notice that that was the procedure we should follow. Thank you, Your Honor. Thank you, counsel. Mr. Hardy? May it please the Court? Counsel? So you want me to answer your question right off the bat? Yeah. Judge Steigman? Well, this is an action filed in the Circuit Court. It's not an action for administrative review. They're suing in the Circuit Court. Now, the motion to dismiss was based on several grounds. One of those grounds was under the strict time deadlines of the statutory provisions, they had to file their action, their appeal from the finding of no substantial evidence within 30 days. That's a mandatory requirement. That's our position. And that was not done because it was delivered, it wasn't served on the commission. It was sent to the Department. But there's a more fundamental reason why this case has to be affirmed, and it goes right to that second issue, which I understand he claims is waived, but that is a dead-bang winner, and I'll tell you why. He says that this is under a different section of the statute, and he says that in his reply brief. But that's not at all what happened here. I have the statute here, the entire statute that was in effect on January 1, starting on January 1 of 2008, because of the bill signed by the governor in August of 2007.  I didn't expect him to say that D4 would apply, but I have copies for the court if everyone wants to see it. I'm happy to hand them to counsel and to the court. Tell us about how it works. Well, here's the statute. This is what confers jurisdiction on the commission to hear a case like this through administrative review, and it's what allows the circuit court to have jurisdiction if the complainant chooses to file in the circuit court instead of going through the administrative process. And so you have all these different sections. A is the charge, and the plaintiff's counsel talked about that. It has to be filed within 180 days. That's jurisdiction. Courts have held that. Everyone agrees on that. Then you have section B, which deals with how you respond to the charge. The notice has to be provided to the respondent after the charge is filed. The respondent then files a response. The parties file position statements. This is all before the commission? This is all before the commission. Absolutely correct. And then, and by the way, interestingly enough, you'll see in section B the portion where it says the department shall within 10 days of the date in which the charge is filed serve a copy of the charge on the respondent. The General Assembly tells us right there, this period shall not be considered to be jurisdictional. So the General Assembly tells us when something is jurisdictional and when something isn't. And then you have section C, which deals with the investigation. And that's what happened here. We had a fact-finding conference. We had witnesses were interviewed by the department's investigator. There was a report issued by the department. And then the director made a determination that there was no substantial evidence. Okay? Now, plaintiff's counsel appealed that to the commission and said, no, you're wrong. So it went before the commission. The commission then remanded it and said, okay, we want you to do some more. Do some more fact-finding. Interview some more witnesses. So they interview more witnesses. The investigator comes up with a new finding of no substantial evidence. Same recommendation. Director then adopts that. Says, okay, we find no substantial evidence. He appeals it again to the commission. The commission vacates it. Now, there was an earlier appeal in the case that we referenced in our brief that was filed by prior counsel, not by us, but the attorney for the school district, because, I mean, the gist of it was, look, we had no opportunity to raise any of these points before the commission because on an appeal to the commission, only the department and the petitioner, the complainant, have the right to file it. So that's kind of what that appeal was about. But we attempted to raise it, and this court determined that, based on motions to dismiss, that, look, it wasn't a final judgment because it was still before the commission. Okay? So what happens then? The commission, not the director, says, okay, we're vacating that finding, and it's being remanded to the director, and we are finding that there is substantial evidence. Okay? Now, at that point, the commission, excuse me, the department, issues a notice of substantial evidence. And you'll notice that it's attached to the appellant's reply brief. And here's what it says. It does say that he has those two options. But the department didn't have the power to do that. Here's what it says at the beginning. You have received an order from the Human Rights Commission vacating the department's finding and entering a final finding of substantial evidence. The commission did that. Okay? It then goes back, and instead of proceeding with the complaint before the commission, he waits and files in the circuit court. Now, that can't be done after January 1 of 2008. Because when you look at Section C and D, and C is laid out on page 5 of his reply brief, and I think it's on page 16 of our brief, and it tells you what happens. And let me get back to the procedure here. So you've got C, the investigation. You've got the fact-finding process. You have all of that. Then you go to D. D has four provisions. One, each charge has to be the subject of a report by the director. It's confidential, et cetera, et cetera. Two, upon review of the report, the director then has to make a finding. The director shall determine whether there is substantial evidence. Okay? Then you go to three and four. Three and four are two alternatives here. Three is what's laid out there. And the changes that were noted by the General Assembly are highlighted in my brief. If the director determines that there is no substantial evidence, the charge shall be dismissed. And then he has the option to proceed before the commission or to file an action in the circuit court. Here's a language, a key language. If the complainant chooses to file a request for review with the commission, he or she may not later commence an action, a civil action in the circuit court. If the complainant chooses to file a civil action in the circuit court, he or she must do so within 90 days after receipt of the director's notice. D deals with the opposite situation. When the director has made a determination that there is substantial evidence, it says if the director determines that there is substantial evidence, he or she shall notify the complainant of that determination. And then you have those two options. It's very clear when you look at all of this language that the intent of this is to give him an option. If they proceed through the commission, then they lose the right to file an action in the circuit court. Otherwise, it makes no sense at all. The only reason for a finding of substantial evidence is that it allows you to proceed with a complaint in the commission. You then have an administrative law judge who reviews the case. Here's the evidence. You can appeal to the commission. You can go through the administrative review process. That's what could have happened. There's no question at all that when the director first found that there was no substantial evidence, he could have filed an action in the circuit court within 90 days. That's what Section 3 says. So if I understand your position, this isn't a matter of administrative review of anything that happened before the commission. You're saying that he failed to comply with the last sentence of paragraph 3, that is if he chooses to commence a civil action in the circuit court, he or she must do so within 90 days after he's heeded the director's notice? The director's notice, it has to be read in the context. The director's notice is the director's finding after the investigative process and so forth. D deals with the situation where the director makes a finding that there is substantial evidence. And at that point, it makes sense that you give them the option at that point. But what possible purpose could there be for allowing multiple appeals of this process only to have a finding of substantial evidence? And then a year later or nine months later, ten months later, after you have an investigator who's done all this work and the parties have proceeded before the commission, what other possible reason could there be other than to proceed through the commission? Now, going through the potential application of B, as I understand your recitation of the evidence, does the director determine that there is no substantial evidence? Based on the report, that's correct. And I'll point you to the actual notices from the earlier ones talk about how the director has made that determination. The director has reviewed the report and the director has found no substantial evidence. What happened here, if you go and you look, I think it's C-56 is the place in the record where the C-53, I'm sorry. C-53 of the record is the order from the commission. And it says, the department's dismissal of Derek Peoples' charge is vacated and Derek Peoples' charge is reinstated and remanded to the department for entry of a finding of substantial evidence and for further processing and other proceedings consistent with this order in the act. So the commission found... Now, assuming for the moment that it was okay for them to do that, because your first argument says they couldn't do that, right? That's correct. Okay. They've now done this. What is it that Mr. Peoples was supposed... Do you think he was required to do by the 2008 changes? I think it's very clear that he was required to proceed only through the commission. When you look at D-3 and you look at D-4, it's clear. You have to read it all together, but the only purpose of that is to say once you proceed to the commission level, if you appeal to the commission and you're looking for a finding of substantial evidence, once you invoke the commission, which... And keep in mind we're talking about two separate bodies here. We're talking about the commission. We're talking about the department. Once we go to that stage, then his only option, as I read this, is... I mean, he still has 90 days from the date of the original one to file the circuit court. Once he doesn't do that and he proceeds to the commission, his only option is the administrative review. Keep in mind there are sound reasons why someone would choose that. They give the complainant the right to make that choice. He doesn't need administrative review because he's, at that point, he's prevailed. He's going forward. If he gets a finding of substantial evidence, at that point he then can have a complaint filed and there's an administrative law judge and a whole process. Now, if he appeals and loses, at some point there's a final judgment. Then you get administrative review as well. And I also want to address the point that this has somehow been waived or it can't be raised. I understand this wasn't raised in the circuit court, but we're here on a motion to dismiss.  We filed a motion to dismiss. Subject matter jurisdiction can be attacked at any time. There's no waiver here. If this court commands it, what's going to happen is we're going to file a motion for summary judgment and say there's no subject matter jurisdiction. Explain to me again what the commission did that they weren't authorized to do. Well, when the commission issued an order, the notice of substantial evidence, it says you have received an order from the Human Rights Commission vacating the department's finding and entering a finding of substantial evidence. Well, the director's not reviewing a report and making a finding here. This is the commission saying vacate it. And the staff attorney did consent to that. But at that point, the commission, the staff attorney, included those two options. You have the right to file an action, you have to have a complaint filed, or you can file an action in the circuit court. The problem is the department had no authority to do that. The authority is right here in the statute. So the plaintiff was affirmatively misled by the department's response? Well, I would say this. Say you have option A or B, and you exercise option A, and now you're telling us option A doesn't work? Well, the statute itself tells you specifically what has to happen. And this is not like the cases cited by ______. Well, how about this as a thought? If the department affirmatively misled the plaintiff by telling him he could do something that you're now telling us the statute didn't permit him to do, and assuming you're correct that he has no business then being in circuit court, why wouldn't, as a matter of rough justice, the appropriate situation for us to be to say, to affirm the dismissal with directions that he go back to the commission and get his hearing there? The problem with that, Your Honor, and I hate to tell you what you have the authority to do and what you don't have the authority to do, but the fact of the matter is this is not here upon administrative review. This is here on an action filed in the circuit court, and there are specific deadlines for what the commission can do and cannot do. And this is an action filed in the circuit court. I don't know what authority the court would have to do that. Well, I don't mean this is going to come off as a degree of sarcasm, but you're providing us with this new insight. Some of the difficulty with that is the department didn't have that insight, the trial judge didn't have that insight, the complainant didn't have that insight, and the lawyers representing Unit 5 in the trial court didn't have that insight. And everybody got off, assuming you're correct, going different directions, because nobody understood what the hell was going on and nobody pointed it out until we get to this point. When you talk about options, one of the options ought to be that we not spin wheels, but rather get things resolved on their merits. Back to the rough justice business, I'm sort of in a quandary about how we're supposed to proceed. Well, when you're telling us that four years ago it was set in stone that you can't proceed this way, but all the players who supposedly know more about this than we do, given that we all love administrative review and getting involved with what the agencies do, all thought that they were going forward correctly. Well, I can't speak for the department, why the department issued the way it did, but we all know there are many, many cases out there that say, look, these are jurisdictional deadlines and you have to do these things and so forth. And, you know, I understand that that notice said that, but to me, for the life of me, I cannot understand why anyone would continue to appeal something like that if the complainant wants to file an action in the circuit court, they have that option upon the finding of no substantial evidence. Why in the world would you ever appeal, and continue to appeal, whether he was misled or not really doesn't matter because it was already done at that point. Why, if you're seeking a finding of substantial evidence, would you continue to appeal? I can't understand what good that does anyone. It does no one any good. We all know the commission's understaffed. We know the commission's behind, the department's behind. That may be one of the reasons for this amendment. It gives you the option to go one way or the other. If there's a finding of no substantial evidence, boom, you go to the circuit court, you file your action, plain and unambiguous, in the statute, no question about it. To answer your question, I fully understand, Your Honor. You don't like issues that are raised for the first time on appeal. As an appellee, we all know it can be affirmed on any ground appearing in the record, and I would simply point out that we are in a different situation. This is not like the two cases that he cites where the appellant, after a final judgment, is coming up and saying, here's the reason why you should reverse. It wasn't raised in the trial court. It wasn't raised in the commission. Whatever. It's a different rule for appellees, and it makes sense. It's a different rule because, as a matter of judicial economy, why would you want to remand this if there's no subject matter? Well, the other thing is you're asserting that this is a jurisdictional matter pursuant to the statute? I believe it absolutely is a jurisdictional matter when you consider these different provisions, and if the court would like supplemental briefing on that, I would be happy to do that. As I say, the entire statute, when you look at it, it seems to me it's very clear because otherwise it just doesn't make any sense. As for the department making the mistake, essentially what you're saying is we should be stopped, there's a fairness issue, but we've addressed that in our brief. The Fifth District had a case that decided it that way, but the other districts have said, look, these are jurisdictional requirements. Equity doesn't apply here. First of all, equity shouldn't apply because we're dealing with a statute, and anyone can look at the statute. I understand it's a harsh result, but when you consider the fact that the only reason for filing an appeal is to proceed through the commission. We were dealing with a statute in Mosier, too, and I understand you say other courts have not followed that, but that was a statute and the court said, well, wait a minute. Right, but that was not a statute where we're dealing with whether the circuit court has jurisdiction. This is not an administrative review case here. This is a case before the circuit court, and the only way the circuit court has jurisdiction is if the statute, this statute, gives it to it, and this statute doesn't give it to it. What about the big discussion we recently had from the Supreme Court and other courts, the circuit court has jurisdiction pursuant to the Constitution, it's not statutorily granted, because this is a matter where we're sharing jurisdiction with administrative agencies that rules differ? I see that I'm out of time. Please, go ahead. I'm not sure what case you're talking about. I'd be happy to address it. Going back to the Belleville-Toyota case, there are lots of cases that said, don't be bringing jurisdictional issues before us, and complain the circuit court doesn't because they can jump through a hoop. In some statute, that's wrong. The circuit court, the Bill of Illinois, has general jurisdiction over all justiciable matters pursuant to the Constitution, notwithstanding what the legislature says. I'm sure you're familiar with this whole line of authority. Is your argument this is different, this is a matter of subject matter jurisdiction, because we're talking about the court sharing jurisdiction with an administrative agency? This is not really sharing jurisdiction. There are two different options. The administrative review process is one process. The process of filing in the circuit court is another process. At some point, he could have gone to the circuit court, could he not? That's correct. He could have gone to the circuit court under the plain language of this statute. As opposed to administrative proceedings. Which is the only thing that makes sense. In other words, had he elected to proceed to the circuit court, he then could have done it. I'm just wondering, because we have this fork in the road, so to speak, where you can do either, if this kind of case might be the exception to the rule that jurisdiction resides in the circuit court based solely upon the Constitution. We don't have to worry. This comes up in the matter, as I'm sure you've heard. They didn't serve him. The Juvenile Court Act requires service. The court didn't have jurisdiction. The court said, forget about that. That may be air, but it's not a jurisdictional matter. I'm familiar with that. Well, this is a completely different situation. Because this is a situation where it's not some missing some minor little deadline. This is a situation where the General Assembly has said, look, here's the way you do it, and here's why. Otherwise, you've got the commission. If we rule that way, we've got the commission and the department and the parties wasting basically nine months of time going through this process for nothing. To me, it's not, if we want to start talking about equity, it's not unfair, because we're all represented by counsel here. That was one of the bases for the finding of Mosier, pro se litigant, and so forth. And the statute's clear, and it's unambiguous. And, Your Honor, I would be happy to brief the constitutional issue, if the court would want us to brief that. And I suppose another option is to remand it and say, have the parties address it in the trial court. Let the trial court decide whether there's subject matter jurisdiction. Thank you, Mr. Erty. Right. So we would ask that it be affirmed, and I'm not waiving any of my arguments on point one. We rely on a brief. Thank you, Your Honor. Okay. Mr. Jackson, rebuttal, sir? Thank you, Your Honor. First of all, the two sections that we're talking about deal with two different issues. One is where the complainant gets a finding of lack of substantial evidence. And then you can go either through the commission and ask them to review it, the lack of substantial evidence, or you can go into circuit court. And the answer to his question is, why do you want to go have the commission review that? Well, it's because you want to take a clean record in whatever fork of the road you take. And it's better to go into a full lawsuit with a finding by the commission that there is substantial evidence, and that's what you do when you file the request for review, than to go in with a finding that there isn't substantial evidence, because you know that's what they're going to argue. What about Mr. Hardy's point that the statute from 2008 has been changed to not permit you to proceed down the road you took? Well, I disagree with you. Paragraph 4 addresses that issue. It says, if the director determines there is substantial evidence, and that's what happened in this case. When we filed that request for review, the director is the one who said, wait a minute. There is substantial evidence in this case. Made a recommendation to the commission that the finding by the department be vacated. The commission then said, okay, we accept your recommendation. Go back, send it back, have it vacated, and then we're under 4, option 4, which gives us the right to stay before the commission or file in circuit court with a substantial evidence finding. And that's what happened in this case. That's what 4 is about. So you're maintaining you're consistent with the statute under subsection 4? Absolutely. Yes, Your Honor. Do we disagree with that interpretation? Do you lose? Well, I sort of agree with what, I do agree with what the court said. Everybody up to this point said that is the correct interpretation of the statute, including the commission, the chief legal counsel, their counsel, and yours truly, that that was correct. But we got a letter from the commission, the chief legal counsel of the department saying, here are your options, 14 days, come to us, we'll do the trial, or if you don't do that, 90 days you have to file in circuit court. And so we followed what we thought was the correct procedure, what they thought was the correct procedure, what the commission thought was the correct procedure, and what I believe the statute actually says. And so I disagree with counsel. There was a finding, there was a difference in the two, because the director did find substantial evidence and made a recommendation that the substantial evidence finding by the department be vacated. And that's why we took the route that we took. As I said earlier, in retrospect, I probably should have stayed with the commission because this would have been over with by now. Thank you, Your Honor. Thank you, counsel. Thank you. We'll take this matter under advisement being recessed for a few minutes.